## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **RHONDA INLOW,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **CASE NO.** <u>CIV-14-1208-L</u> |
| | § | |
| **STATE FARM FIRE AND CASUALTY** | § | |
| **COMPANY and DENNIS MORRIS,** | § | |
| | § | |
| **Defendants.** | § | **JURY DEMANDED** |

## DEFENDANT STATE FARM FIRE AND CASUALTY COMPANY'S
## NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:

PLEASE TAKE NOTICE that Defendant, State Farm Fire and Casualty Company ("State Farm") hereby files its Notice of Removal ("Notice").  In support hereof, State Farm would respectfully show the Court as follows:

1.     On or about November 7, 2013, Plaintiff Rhonda Inlow filed her Petition ("Complaint") in the matter entitled *Rhonda Inlow v. State Farm Fire and Casualty Company and Dennis Morris*, Case No. CJ-13-445, in the District Court of Pottawatomie County, State of Oklahoma.  A copy of this Complaint is attached hereto as Exhibit 1.

2.     Defendant Morris has been fraudulently joined in this case in order to defeat federal diversity jurisdiction.  Absent the fraudulently joined claims against Morris, this case meets the requirements for federal jurisdiction under 28 U.S.C. § 1332.

3.     As set forth in further detail below, this action is timely removed within one year of the commencement of this action and within thirty days i) of the date on which

State Farm received a paper "from which it may first be ascertained that the case is one which is or has become removable," 28 U.S.C. § 1446(b), and ii) of the date State Farm was able "to intelligently ascertain removability." *Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1078 (10th Cir. 1999).

4.     Defendant Morris consents to this removal through his undersigned counsel.

## NATURE OF THE SUIT

5.     Plaintiff's lawsuit arises out of a claim she made under her renters insurance policy for damage to her personal property allegedly sustained from a tornado on or about May 20, 2013.  Plaintiff has brought claims against State Farm for breach of contract and breach of the duty of good faith and fair dealing.

6.     Plaintiff has also brought the following claims against both State Farm and her insurance agent, Morris: 1) Negligence in the Procurement of Insurance, which she alleges occurred by Morris selling her a State Farm insurance policy that supposedly did not serve to actually replace her personal property when her residence was damaged by a covered loss, and that allegedly did not accurately reflect the replacement cost of Plaintiff's personal property; 2) Constructive Fraud and Negligent Misrepresentation, which Plaintiff alleges occurred by Morris supposedly misrepresenting to Plaintiff the insurance coverage sold to her; and 3) Negligence, which appears to be a restatement of the claim for Negligent Procurement with the added allegation that Defendants failed to conduct an appropriate underwriting analysis, which supposedly resulted in issuing

and/or renewing a policy of insurance for Plaintiff that did not provide appropriate and adequate coverage. *See* Exhibit 2 (Plaintiff's Amended Complaint).[1]

7.      These fraudulently joined claims against Morris lack both factual and legal basis. To demonstrate such, State Farm has sought for many months to take Plaintiff's deposition in order to secure the testimony and admissions that would show the baselessness of the asserted claims against the agent. Plaintiff's counsel, however, have prevented State Farm from doing so, and indeed have refused to make Plaintiff available for deposition until after the passage of a year in an attempt to prevent removal of this case to federal court. However, as set forth below, Plaintiff's stratagem to preclude removal cannot succeed, and indeed the statements of Plaintiff's counsel in Motions and correspondence, and actions subsequent thereto, have made this action properly removable at this time.

## BASIS OF REMOVAL

8.      State Farm was and is a corporation organized in Illinois, with its principal place of business in Bloomington, McLean County, Illinois. Defendant Morris is a citizen of Oklahoma, but has been fraudulently joined in this action in order to defeat diversity jurisdiction. Upon information and belief, Plaintiff is a citizen of Pottawatomie County, Oklahoma.

9.      This Court has original jurisdiction over the matters made the basis of this lawsuit pursuant to 28 U.S.C. § 1332 in that (1) the Plaintiff is an Oklahoma citizen;

---

[1] Plaintiff filed an Amended Complaint after the Court dismissed her cause of action for breach of fiduciary duty against Defendants.

(2) Plaintiff is completely diverse from State Farm; (3) Plaintiff has fraudulently joined Morris, in that the Plaintiff has a legally insufficient basis for her claims against this non-diverse Defendant, and; (4) the requisite amount in controversy has been satisfied on the face of Plaintiff's Complaint.

10.     Venue is proper because Pottawatomie County is located within the Western District of Oklahoma. 28 U.S.C. § 1441(a).

11.     The amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. As evidentiary support for this allegation, State Farm relies upon Plaintiff's Amended Complaint, in which Plaintiff states she is seeking damages in excess of $75,000.00 for her causes of action. *See* Ex. 2, pages 3, 5, 7, 10, 12 and Prayer for Relief.

12.     The claims and allegations made by Plaintiff in this case are nearly identical to those made in a case entitled *Nathaniel Neill and Alicia Neill v. State Farm Fire and Casualty Company and Jack Stout*, which was filed by the same plaintiffs' counsel in the District Court of Woodward County, Oklahoma in 2012. A copy of the Petition filed in the *Neill* case is attached hereto as Exhibit 3. As in this case, the Petition filed by the *Neill* plaintiffs purported to assert claims not only against State Farm, but also against the Neills' non-diverse insurance agent, Jack Stout. The only substantive differences between the *Neill* Petition and the Complaint filed by Plaintiff here are: (1) the identity of the insurance agent; (2) the date of the tornado that "heavily damaged" the respective plaintiffs' property (personal property in this case, plaintiffs' home in *Neill*); (3) the inclusion in the *Neill* case of a claim for injunctive relief that plaintiffs' counsel

chose not to plead here; and (4) the elimination of a breach of fiduciary duty claim due to dismissal by the Court.

13.     A defendant's "right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy." *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921).  Defendants can prove fraudulent joinder by showing that either: (1) plaintiff's jurisdictional allegations are fraudulent and made in bad faith; or (2) plaintiff has no possibility of recovery against the non-diverse defendant. *Slover v. Equitable Variable Life Ins. Co.*, 443 F. Supp. 2d 1272, 1279 (N.D. Okla. 2006).  If a defendant can show that a non-diverse defendant was fraudulently joined, the parties will be completely diverse and the Court may exercise subject matter jurisdiction over the case. *See American Nat'l Bank & Trust Co. of Sapulpa, v. Bic Corp.*, 931 F.2d 1411, 1412 (10th Cir. 1991) ("If, as defendant suggests, plaintiffs joined the Oklahoma residents without good faith, defendant may remove on the grounds of fraudulent joinder.").

14.     The procedure for removal set out in 28 U.S.C. § 1446 provides at least two windows during which a case may be removed: (1) during the first thirty days after the defendant receives the original pleading, or (2) during the first thirty days after the defendant receives a paper "from which it may first be ascertained that the case is one which is or has become removable" if "the case stated by the initial pleading is not removable."  28 U.S.C. § 1446(b).  The removal period does not begin to run until the defendant is able "to intelligently ascertain removability so that in his petition for removal he can make a simple and short statement of the fact." *Huffman v. Saul*

*Holdings Ltd. P'ship*, 194 F.3d 1072, 1078 (10th Cir. 1999).  Where federal jurisdiction is based on diversity of citizenship, Section 1446(b) provides that the case generally may not be removed more than one year after commencement of the action.  28 U.S.C. § 1446(b).

15.    State Farm believed from the outset that the *Neill* plaintiffs had fraudulently joined their insurance agent in order to defeat federal diversity jurisdiction.  The pleading itself, however, was indeterminate in this regard.  *See Neill v. State Farm Fire and Cas. Co.*, W.D. Okla. Case No. 13-cv-627-D, Order dated Jan. 21, 2014 (Doc. 11), copy attached hereto as Exhibit 4 (rejecting plaintiffs' argument that State Farm's notice of removal was untimely and concluding that the fraudulent joinder of defendant Stout could not be ascertained from the initial pleading).

16.    When a defendant raises specific allegations of fraudulent joinder, the court may pierce the pleadings and consider evidence such as affidavits and deposition testimony.  *Smoot v. Chicago, Rock Island & Pac. R.R. Co.*, 378 F.2d 879, 881-82 (10th Cir. 1967); *Cavallini v. State Farm Mut. Auto. Ins. Co.*, 44 F.3d 256, 263 (5th Cir. 1995). Accordingly, in order to establish that Stout had been fraudulently joined in the *Neill* case, State Farm took the depositions of the *Neill* plaintiffs.  *See Neill*, W.D. Okla. Case No. 13-cv-627-D, Defendant State Farm Fire and Casualty Co.'s Notice of Removal (Doc. 1) at 5-7, copy attached hereto as Exhibit 5.

17.    On June 14, 2013 State Farm removed the *Neill* case to the Western District of Oklahoma, asserting based on its depositions of the plaintiffs that defendant Stout had been fraudulently joined.  *Id.*  The *Neill* plaintiffs filed a motion to remand in which they

argued, among other things, that State Farm had not shown that defendant Stout had been fraudulently joined. *See* Ex. 4 at 3. District Court Judge Timothy D. DeGiusti rejected that argument, finding that the deposition testimony of the plaintiffs "shows there is no possibility that Plaintiffs would be able to establish a cause of action" against Stout. *Id.* at 4.

18.   In November of 2013 – approximately five months after State Farm removed the *Neill* case to federal court based on the *Neill* plaintiffs' deposition testimony – Plaintiff filed this virtually identical case against State Farm and Plaintiff's non-diverse insurance agent, Morris.

19.   While certain of Plaintiff's causes of action are facially defective, given the vagueness of other claims, such as Plaintiff's claims of fraud and misrepresentation, removal was not reasonably possible solely on the face of the Complaint. Thus, as in the *Neill* case, State Farm sought to take the deposition of the Plaintiff in order for State Farm to intelligently ascertain and establish the removability of this case. Plaintiff's counsel were well aware of State Farm's intention to remove this case once it took Plaintiff's deposition and obtained the information necessary to establish that Defendant Morris had been fraudulently joined.

20.   State Farm began by filing a Motion to Dismiss in the state court which sought, as alternative relief if dismissal were not granted, an order requiring Plaintiff to amend her Complaint to assert her fraud/misrepresentation claims with specificity – relief Plaintiff specifically opposed in the state proceeding. Ex. 6 (Motion to Dismiss).

Plaintiff subsequently amended her Complaint, but it was still so vaguely pled as to prevent ascertainment of removability. Ex. 2 (Amended Complaint).

21.    Thereafter, and for many months, State Farm repeatedly requested dates for Plaintiff's deposition, and unilaterally served a deposition notice when dates were not forthcoming.  Ex. 7 (January 24, 2013 letter requesting Plaintiff's deposition); Ex. 8 (February 5, 2014 letter from State Farm's counsel memorializing agreement to abate deposition notices on condition of scheduling depositions by agreement); Ex. 9 (April 4, 2014 letter from State Farm again requesting Plaintiff's deposition); Ex. 10 (June 6, 2014 letter from State Farm again requesting Plaintiff's deposition); Ex. 11 (June 18, 2014 letter enclosing deposition notice for Plaintiff).

22.    On June 24, 2014, State Farm's counsel received a letter from Plaintiff's counsel advising that they were unavailable for Plaintiff's deposition on the date noticed by State Farm, but providing no alternative dates. Ex. 12.

23.    On July 1, 2014, State Farm's counsel sent a letter to Plaintiff's counsel noting their office had made numerous attempts in the interim to obtain dates for Plaintiff's deposition, but had been totally unsuccessful. Ex. 13.

24.    Then, on July 3, 2014, State Farm's counsel received a letter from Plaintiff's counsel referencing a July 1, 2014 letter sent on other pending matters arising out of the same storm event, and advising that they were completely unavailable for depositions until late September 2014. Ex. 14.  On July 8, 2014, Plaintiff filed a Motion to Quash Deposition Notice. Ex. 15.

25.   On July 25, 2014, State Farm filed a Response to Plaintiff's Motion to Quash Deposition, along with a Cross-Motion to Compel Deposition.  Ex. 16.

26.   On August 11, 2014, Plaintiff's counsel filed a Response to State Farm's Cross-Motion to Compel Plaintiff's Deposition.  Ex. 17.  In the Response, Plaintiff's counsel acknowledged that State Farm sought the deposition because it was "anxious to remove" the case, but asserted that the discovery sought by State Farm was not necessary for a removal and that "State Farm may remove this case at any time within one year of its filing." *Id.* at 4-5.

27.   On September 4, 2014, the state court judge held a hearing on State Farm's Motion to Compel Deposition.  In that hearing, the state court judge agreed with State Farm's position that it was entitled to take the Plaintiff's deposition within a year of filing, and ordered Plaintiff's counsel to provide dates for Plaintiff's deposition by September 30, 2014.  Ex. 18 at 1-10.

28.   Plaintiff's counsel failed to comply with the court's Order.  On October 10, 2014, State Farm's counsel sent a letter to Plaintiff's counsel, noting the court's deadline had passed, and they had yet to hear from Plaintiff counsel's office regarding dates for Plaintiff's deposition.  Ex. 19.  On October 15, 2014, Plaintiff's counsel advised that Plaintiff had undergone a medical procedure and would be subject to certain limitations in a deposition, and thus it would be State Farm's "decision [whether] to proceed" with the deposition.  Ex. 20.  Plaintiff's counsel also stated the deposition could proceed only on the additional condition (never contemplated by the court) that the deposition of Morris take place the same day.  *Id.*

29.     At a hearing on October 16, 2014, the court acknowledged Plaintiff's counsel's failure to comply with its Order, and ordered Plaintiff's counsel to provide a "doctor's note" regarding Plaintiff's claimed limitation on giving a deposition.  Ex. 21. On October 23, 2014, State Farm's counsel received a letter from a Dr. Quails Stevens, advising Plaintiff was "unable to sit for longer than one hour at this time" and that her restrictions may be lessened in two months.  Ex. 22.

30.     On October 30, 2014, State Farm's counsel served an Amended Deposition Notice for Plaintiff's deposition.  Ex. 23.  The letter advised Plaintiff's counsel (per Plaintiff's conditions) that the deposition would not last more than one hour, and that all necessary arrangements would be made to accommodate Plaintiff's condition (including location).  *Id.*

31.     On November 3, 2014, State Farm's counsel received a letter from Plaintiff's counsel, advising they had interpreted Plaintiff's physician's letter to mean she would not be permitted to sit for a deposition, and including an ex-parte Order they had sent to the trial court judge halting any deposition of the Plaintiff until an undetermined date in the future.  Ex. 24; Ex. 25.  State Farm was thus deprived of the opportunity to depose Plaintiff prior to the one-year deadline for removal of this case.

32.     "[F]ederal courts must vigilantly protect a defendants' right to proceed in federal court against abuses and manipulations by the plaintiff." *Anderson v. Ford Motor Co.*, 303 F. Supp. 2d 1253, 1258 (W.D. Okla. 2004) (internal quotations omitted). "Federal courts may and should take such action as will defeat attempts to wrongfully

deprive parties entitled to sue in the Federal courts of the protection of their rights in those tribunals." *Id.* (internal quotations omitted).

33.    Plaintiff here has attempted to deprive State Farm of its right to have this case heard by a federal court.  She did so first by fraudulently joining a non-diverse defendant against whom Plaintiff has no possibility of establishing a cause of action, then for months refusing to participate in the scheduling of her deposition, forcing State Farm to seek court intervention.  Plaintiff then violated the court's subsequent Order for the deposition, placing restrictions on her deposition that were not contemplated by the court (i.e., insisting the fraudulently joined agent be deposed simultaneously), and not permitting the deposition to go forward even when State Farm sought to do so within the bounds of the limitations set by Plaintiff's physician and Plaintiff's counsel.

34.    Plaintiff's goal in refusing to cooperate with State Farm's efforts to schedule her deposition, even in the face of direct court orders, is clear: to run the clock on the one-year deadline for State Farm to remove the case.  State Farm understands that Plaintiff recently sustained a physical injury, and certainly does not fault Plaintiff for that.  But that recent event does not change that State Farm first requested Plaintiff's deposition in January 2014, that each of State Farm's multiple attempts to schedule Plaintiff's deposition was met with non-cooperation, and that the Plaintiff even went so far as to defy a direct court order to provide a deposition date to State Farm no later than September 30, 2014.   These are exactly the kinds of abuses and manipulations that federal courts must guard against.

35.     The thirty-day period for State Farm to remove this case did not begin until State Farm was able "to intelligently ascertain removability." *Huffman*, 194 F.3d at 1078 (internal quotations omitted).   Federal courts have broadly interpreted what may constitute an "other paper" that allows the defendant to ascertain removability.   *Id.* (discussing cases).

36.     Plaintiff's October 15, 2014 correspondence placing conditions on her court-ordered deposition, together with her November 3, 2014 correspondence unilateral cancelling the one-hour deposition noticed by State Farm establish Plaintiff's now categorical refusal to appear for her deposition prior to the one-year removal deadline. The logical and reasonable inference from Plaintiff's refusal to appear, as established by these two papers, is that Plaintiff's counsel does not want her to be deposed because her testimony will confirm that she has no viable claim against Morris and he has been fraudulently joined.

37.     State Farm submits that the facts set forth below and the refusal of Plaintiff to appear for her deposition establish the fraudulent joinder of Defendant Morris, and therefore the removability of this action.  To the extent the Court believes that a further evidentiary showing is required to establish fraudulent joinder, the record is clear that State Farm has been deprived of the opportunity to make that showing by Plaintiff's deliberate and improper refusal to allow State Farm to depose Plaintiff within a year of the filing of her Complaint.  Accordingly, State Farm requests that it be permitted to take Plaintiff's deposition prior to any ruling by this Court on the issue of fraudulent joinder.

## FRAUDULENT JOINDER - FRAUD AND CONSTRUCTIVE FRAUD

38.    Plaintiff's constructive fraud claim against Defendant Morris is legally insufficient because there is no duty to "notify" an insured about the "nature" of the insurance purchased.  Oklahoma law is clear that "insurance companies and their agents do not have a duty to advise an insured with respect to his insurance needs." *Rotan v. Farmers Ins. Group of Cos., Inc.*, 83 P.3d 894, 895 (Okla. Civ. App. 2004); *Cosper v. Farmers Ins. Co.*, 309 P.3d 147, 149 (Okla. Civ. App. 2013) (holding no duty to provide an "adequate amount" of coverage); *Mueggenborg v. Ellis*, 55 P.3d 452, 453 (Okla. Civ. App. 2002) (holding no statutory or common law duty to advise as to amount of insurance); *Silver v. Slusher*, 770 P.2d 878, 882 n.11 (Okla. 1988) (holding no duty to explain coverage terms to insured).  Morris has no duty under Oklahoma law to "notify" Plaintiff about the "nature and character" of her insurance or to provide "appropriate and adequate coverage."

39.    In addition, Plaintiff's constructive fraud claim against Morris is legally insufficient because it rests upon alleged statements regarding the future performance of the policy. *See* Ex. 1 ¶ 42.  Under Oklahoma law, a misrepresentation "must be regarding existing facts and not to future events." *Slover v. Equitable Variable Life Ins. Co.*, 443 F. Supp. 2d 1272, 1282 (N.D. Okla. 2006) (quoting *Hall v. Edge*, 782 P.2d 122, 128 n.4 (Okla. 1989).  Plaintiff also cannot reasonably be said to have "relied" on the alleged misrepresentations because the Policy itself clearly discloses the scope and terms of the Policy's replacement cost coverage.  Under Oklahoma law, Plaintiff had a duty to read her policy and to know its terms and conditions. *Id.* at 1282-83 (dismissing fraud and

negligence claims because the policy expressly contradicted the allegedly fraudulent and/or negligent statements).   "An action for fraud may not be predicated on false statements when the allegedly defrauded party could have ascertained the truth with reasonable diligence." *Bankers Trust Co. v. Brown*, 107 P.3d 609, 614 (Okla. Civ. App. 2004) (quoting *Silver*, 770 P.2d at 881).

## FRAUDULENT JOINDER - NEGLIGENCE/NEGLIGENT PROCUREMENT

40.    The negligence claims against Morris are likewise legally insufficient because an agent has no duty under Oklahoma law to advise an insured regarding her insurance needs or to monitor a policy for "appropriate" coverage.   Further, the unambiguous terms of the Policy, including the amount of stated coverage, directly contradict the generically alleged negligent oral statements and actions by Morris.[4]   The Policy clearly sets forth in the provision entitled "Loss Settlement" that Defendant's payment obligations are on an actual cash value basis until the insured repairs or replaces the damaged property and submits a claim for the difference.   Ex. 26 at 10-11.   Both federal and state courts in Oklahoma have held that such provisions are enforceable.   *See, e.g.*, *Truesdell v. State Farm Fire and Cas. Co.*, 960 F. Supp. 1511 (N.D. Okla. 1997); *Bratcher v. State Farm Fire and Cas. Co.*, 961 P.2d 828 (Okla. 1998)

41.    Oklahoma law provides that "[a]n applicant for insurance, who accepts a policy the provisions of which are plain, clear, and free from all ambiguity, is chargeable with knowledge of its terms and legal effect." *National Fire Ins. Co. of Hartford v.*

---

[4] Oral discussions are merged into and superseded by the terms of a written agreement. *Bonner v. Okla. Rock Corp*, 863 P.2d 1176, 1180 (Okla. 1993).

*McCoy*, 239 P.2d 428, 430 (Okla. 1951); *see also Slover v. Equitable Variable Life Ins. Co.*, 443 F. Supp. 2d 1272 (N.D. Okla. 2006). ("It is well established under Oklahoma law that insureds have a duty 'to examine, read, and know the contents of the policy before accepting and paying the premium therefor, and, having failed or neglected to do so [,they are] estopped from denying knowledge of its terms or conditions.'") (quoting *Liverpool & L. & G. Ins. Co. v. T.M. Richardson Lumber Co.*, 69 P. 936, 937 (Okla. 1902)).

### FRAUDULENT JOINDER - STATUTE OF LIMITATIONS

42.    It is well established under Oklahoma law that insureds have a duty "to examine, read, and know the contents of the policy before accepting and paying the premium therefor, and, having failed or neglected to do so [, they are] estopped from denying knowledge of its terms or conditions." *Liverpool & L. & G. Ins. Co. v. T.M. Richardson Lumber Co.*, 69 P. 936, 937 (1902). Plaintiff applied for the policy at issue here on or about June 2011 and could have rejected, amended, or modified it if it did not meet her expectations.   Ex. 27 (Application demonstrating policy purchased in June 2011).   She did none of those things.   Rather, Plaintiff elected to keep the policy, and is therefore deemed to have been on notice of the policy's terms since June 2011.

43.    All Plaintiff's claims against Morris are subject to a two-year statute of limitations.   12 O.S. § 95.   Thus, all the statute of limitations applicable here would have expired in June 2013.

***

42.     State Farm files contemporaneously herewith all pleadings or other documents on file in the State Court matter (Exhibits 29 - 59), including a copy of the Court's docket sheet, attached hereto as Exhibit 28, with the exception of the Plaintiff's Complaint attached hereto as Exhibit 1, Plaintiff's Amended Complaint attached hereto as Exhibit 2, Defendants' Motion to Dismiss Plaintiffs' Original Petition and Subject to Same, Original Answer, and Demand for Jury Trial attached hereto as Exhibit 6, Plaintiff's Motion to Quash Deposition attached hereto as Exhibit 16, State Farm's Response to Plaintiff's Motion to Quash Deposition and Cross-Motion to Compel Deposition attached hereto as Exhibit 18, and Plaintiff's Response to State Farm's Cross-Motion to Compel Deposition attached hereto as Exhibit 19.

WHEREFORE, PREMISES CONSIDERED, STATE FARM FIRE AND CASUALTY COMPANY, Defendant, pursuant to and in conformity with the requirements set forth in 28 U.S.C. § 1446, removes *Rhonda Inlow v. State Farm Fire and Casualty Company and Dennis Morris*, Case No. CJ-13-445, in the District Court of Pottawatomie County, State of Oklahoma, on this, the 4th day of November, 2014.

Respectfully submitted,


By___/s/Benjamin G. Kemble
     David V. Jones, OBA #19611
     Benjamin G. Kemble, OBA #21006
21 E. Main St., Suite 101
Oklahoma City, Oklahoma  73104
Telephone:   (405) 601-8713
Facsimile:   (405) 232-8330
**ATTORNEYS FOR DEFENDANTS,
STATE FARM FIRE AND CASUALTY
COMPANY AND DENNIS MORRIS**

**OF COUNSEL:**
**JONES, ANDREWS & ORTIZ, P.C.**

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this the 4th day of November, 2014, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants and/or in accordance with the Federal Rules of Civil Procedure:

Mr. Jeff D. Marr
Ms. Carole Dulisse
Marr Law Firm
4301 Southwest Third Street, Suite 110
Oklahoma City, OK 73108

Mr. Reggie N. Whitten
Mr. J. Revell Parrish
Whitten Burrage
1215 Classen Drive
Oklahoma City, OK 73103

<u>/s/Benjamin G. Kemble</u>
Benjamin G. Kemble