IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RHONDA INLOW, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-14-1208-L |
| ) | |
| STATE FARM FIRE AND CASUALTY ) | |
| COMPANY and DENNIS MORRIS, ) | |
| ) | |
| Defendants. ) | |

# **O R D E R**

This matter is before the court on the Motion to Remand filed by plaintiff Rhonda Inlow.  Defendant State Farm Fire and Casualty Company ("State Farm") responded to the motion and filed an "Alternative Motion to Conduct Jurisdictional Discovery and for Stay of Ruling on Plaintiffs' Motion to Remand" to which plaintiffs have objected.  Reply briefs and supplemental authority have also been filed, all of which the court has carefully considered.

The procedural history of this case reveals that plaintiff filed this action on November 7, 2013 in the District Court of Pottawatomie County, State of Oklahoma, against defendants State Farm and Dennis Morris ("Morris"), an agent for State Farm.  The state court Petition [Doc. No. 1-1] alleged that plaintiff entered into a contract of insurance with defendant State Farm to provide coverage for her personal property.  Plaintiff alleges she purchased a renters

policy of insurance through the offices of State Farm agent, Morris.  Renters Insurance policy No. 36-BL-M312-3  was subsequently issued by State Farm to the plaintiff and was in effect when plaintiffs' property was alleged to have been heavily damaged as a result of a tornado which struck Moore, Oklahoma on or about May 19, 2013.  Plaintiff alleges she properly and timely submitted a claim for the property damage and that the renters policy was in full force and effect at all material times, but that defendant State Farm has failed to pay all contractual benefits to which she is entitled.  The Petition alleges six causes of action in total, including claims for (1) breach of contract and (2) bad faith against defendant State Farm, and claims for (3) negligence in the procurement of insurance, (4) constructive fraud and negligent misrepresentation, (5) negligence, and (6) breach of fiduciary duty against both defendants State Farm and Morris.

     The case proceeded for almost a year in state court at which time State Farm filed a Notice of Removal on November 5, 2014, asserting that Morris, a non-diverse defendant, "has been fraudulently joined in this case" and that "[a]bsent the fraudulently joined claims against Morris," this case meets the requirements for federal court jurisdiction based on diversity of citizenship and amount in controversy pursuant to 28 U.S.C. § 1332.  State Farm asserts that this action was timely removed within one year of the commencement of this action and within thirty days (1) of the date on which State Farm received a paper "from

which it may first be ascertained that the case is one which is or has become removable," 28 U.S.C. § 1446(b), and within thirty days of (2) of the date State Farm was able "to intelligently ascertain removability[,]" under Huffman v. Saul Holdings Ltd. P'ship, 194 F.3d 1072, 1078 (10th Cir. 1999).

The prior proceedings in state court show that on October 15, 2014, plaintiff's counsel advised State Farm that she had undergone a medical procedure and would be "subject to certain limitations in a deposition[.]" Doc. No. 1, ¶ 28.  Paragraph 31 of the Notice of Removal states that on November 3, 2014, State Farm's counsel received a letter from plaintiff's counsel "advising that they had interpreted plaintiff's physician's letter to mean that she would not be able to sit for a deposition, and including an ex-parte Order they had sent to the trial judge halting any deposition of the Plaintiff until an undetermined date in the future."   State Farm thus alleges that it was "deprived of the opportunity to depose Plaintiff prior to the one-year deadline for removal of this case."  Doc. No. 1, ¶ 31.  The Notice of Removal further states in paragraph 36 that:

> Plaintiff's October 15, 2014 correspondence placing conditions on her court-ordered deposition, together with her November 3, 2014 correspondence unilateral[ly] cancelling the one-hour deposition noticed by State Farm establish Plaintiff's now categorical refusal to appear for her deposition prior to the one-year removal deadline.  The logical and reasonable inference from Plaintiff's refusal to appear, as established by these two papers, is that Plaintiff's counsel does not want her to be

deposed because her testimony will confirm that she has no viable claim against Morris and he has been fraudulently joined.

State Farm contends that the refusal of plaintiff to appear for her deposition establishes the fraudulent joinder of the non-diverse party, Morris, and therefore, the removability of this action.  Doc. No. 1, ¶ 37.  State Farm has filed an Alternative Motion to Conduct Jurisdictional Discovery and for Stay of Ruling on Plaintiff's Motion to Remand, requesting that it be permitted to take plaintiff's deposition and to amend its response to plaintiff's remand motion prior to any order of remand.  Doc. No. 15.

Federal courts are courts of limited jurisdiction and "there is a presumption against removal jurisdiction." Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir. 1995) (*abrogated on other grounds by* Dart Cherokee Basin Operating Co. LLC v. Owens, 135 S.Ct. 547 (2014)).  State Farm, as the party seeking to invoke this court's jurisdiction, has the burden of establishing that the statutory requirements for such jurisdiction have been met. Basso v. Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir. 1974) (citation omitted).  Diversity jurisdiction requires not only that the amount in controversy exceed $75,000.00, but also that each defendant be a citizen of a different state from each plaintiff.  *See* 28 U.S.C. § 1332(a).  Title 28 U.S.C. § 1446(b)(3) provides that "a notice of removal may be filed within 30 days after receipt by the defendant . . . of a  copy of an amended pleading, motion, order or other paper from which it may first be ascertained that

the case is one which is or has become removable."  To trigger the removal clock, the pleading or other paper must provide a **clear and unequivocal** notice that the right to remove exists.  Akin v. Ashland Chemical Co., 156 F.3d 1030, 1036 (10th Cir. 1998) (emphasis added).

In arguing that State Farm's removal is untimely, plaintiffs maintain that State Farm's reliance on the October 15, 2014 letter placing conditions on plaintiff's deposition and plaintiff's November 3, 2014 letter, which reiterated restrictions placed by plaintiff's physician, do not qualify as an "other paper" under § 1446(b)(3).  According to plaintiff, nothing transpired in this action that would trigger the applicability of this section.   Plaintiff claims that the record shows no discovery was issued on behalf of Morris to plaintiff seeking any information about the allegations made against him.  According to plaintiff, the allegations against Morris have remained the same since the time the action was initially filed and were further pled with particularity in plaintiff's Amended Petition.

Upon review, the court concludes that neither the October 15, 2014 nor the November 2, 2014 correspondence qualifies as an "other paper" under § 1446(b)(3).  The issues concerning the scheduling of plaintiff's deposition in the October-November 2014 time period appear to be based upon a medical issue affecting the plaintiff.[1]  The court does not agree that plaintiff's failure to be

---

[1]  On November 4, 2014, the state court judge entered an order on State Farm's request for the deposition of plaintiff which stated that the court had "timely received a letter from

5

deposed at that particular time is the equivalent of a confirmation "that she has no viable claim against Morris and he has been fraudulently joined" as alleged by State Farm.  When the court considers the presumption against removal jurisdiction, and the lack of truly "clear and unequivocal" notice provided by the alleged triggering events, the court rejects State Farm's contention that its Notice of Removal was timely.  As a result, State Farm's removal on the basis of these events was insufficient to confer diversity jurisdiction in this court, which is a court of limited jurisdiction.  Because State Farm's alternative request for discovery would have no bearing on the timing of State Farm's removal, the court finds that State Farm's Alternative Motion to Conduct Jurisdictional Discovery and for Stay of Ruling on Plaintiffs' Motion to Remand should also be denied.

     Citing 28 U.S.C. § 1447(c), plaintiff seeks an award of their attorney fees and costs resulting from State Farm's improper removal.  Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).  Although State Farm's asserted basis for removal was found to be insufficient, the court cannot say that State Farm lacked an objectively reasonable basis for seeking removal.

---

Plaintiff's physician and being fully advised of the premises, finds Plaintiff shall not be compelled and need not be presented for deposition until such time as her current medical restrictions are lifted, and/or she is otherwise released from the care of her treating physician." Order, Exhibit 2 to Plaintiff's Motion to Remand [Doc. No. 7-2].  The case was removed the next day.

Therefore, the court declines to award plaintiff's requested costs and fees in this matter.

For the reasons set forth above, Plaintiffs' Motion to Remand **[Doc. No. 7]** is **GRANTED.** Defendant State Farm's Alternative Motion to Conduct Jurisdictional Discovery and for Stay of Ruling on Plaintiffs' Motion to Remand **[Doc. No. 15]** is **DENIED.** This matter is **REMANDED** to the District Court of Pottawatomie County, Oklahoma.

It is so ordered this 27th day of May, 2015.

*/s/ Tim Leonard*
TIM LEONARD
United States District Judge